WHITE, Judge.
Appellants Johnson were defendants in a quiet title suit wherein plaintiffs Harrison prevailed. The opposing litigants are separate owners of adjoining lands traceable to a common source of grant. The plaintiffs based their complaint upon an alleged descriptive overlap in the defendants’ chain of conveyances, resulting in an apparent encroachment upon plaintiffs’ land. The plaintiffs claimed precedence to the “overlap” through an earlier recorded conveyance from the common source of grant, William O. Berckman and wife. The defendants Johnson contend on appeal that the evidence was insufficient to support the decree which, they assert, is also fatally vague and indefinite.
In 1951 William O. Berckman and wife Georgia C. Berckman owned as an estate by the entirety Lots 13 and 14 in Johnson, Johnston and Edwards Subdivision as recorded in Plat Book 7, page 26 of the Public Records of Polk County, Florida. On March 22, 1951 the Berckmans conveyed to Wesley Starling and wife the east 100 feet of the west 387 feet of said lots 13 and 14. The deed was recorded the following day, March 23, 1951.
*238 Some eighteen months later, September 8, 1952, William O. Berckman, the surviving spouse of Georgia C. Berckman, deeded to Mary E. Johnson the east 274.5 feet of said lots 13 and 14. In 1956 the Starlings conveyed their 100 feet, described in the preceding paragraph, to Grady Harrison, Jr. and wife Grace Harrison. The Harrisons have brought this suit against Mary E. Johnson, naming Inman F. Johnson as a defendant because he held a recorded contract to purchase from Mary E. Johnson.
The complaint alleges generally that the portion of the lots deeded to Mary E. Johnson overlaps the 100 feet of the same lots presently owned by plaintiffs Harrison. Neither the complaint nor the final decree delineates just how the overlap came about, nor do they precisely describe the land actually in dispute. This can be determined only by a careful examination of the reproduced deeds and the "sketch”, as it is called, of Johnson, Johnston and Edwards Subdivision found in the record on appeal; and we must assume that these papers were included in the stipulation for the admission in evidence of “these instruments” although they are not otherwise identified as exhibits.
The “sketch” [1] purports to be a map of Johnson, Johnston and Edwards Subdivision. It shows Lots 1 to 24 inclusive, counting from north to south, which throws the subject Lots 13 and 14 near the middle of the subdivision, the dividing lines running east and west. The line shown along the north end of the subdivision at Lot 1 is marked “662.2” feet, but it extends 30 feet beyond the lot line across a roadway on the west and 15 feet across a roadway beyond the east line of the platted lots. The tw.o roadways are outside, forming no descriptive part of the subdivision lots as such. Another line similar to the north line indicates a quarter section line and the south boundary of Lot 14 is marked “661.5” feet, but this also includes the 45 feet width of the roadways outside the lot lines of the subdivision; so in order to determine the east-west dimensions of Lots 13 and 14, 45 feet must be subtracted from the 661.5 feet leaving the lot lines at that point 616.5 feet in length.
As previously stated, the William O. Berckmans first conveyed to the Starlings the east 100 feet of the west 387 feet of Lots 13 and 14; so to find what was left on the east end of these lots, 387 feet must be subtracted from the 616.5 feet. This leaves 229.5 feet of the lots east of the 100 feet already conveyed to the Starlings. Eighteen months after the Starlings’ deed was recorded, William O. Berckman purported to convey to Mary E. Johnson the east 274.5 feet of Lots 13 and 14, which was 45 feet more than Berckman had left east of the Starling tract, thus overlapping to that extent the east side of the 100 feet conveyed to the Starlings and by Starling to plaintiffs Harrison. Although not identified in terms in the complaint nor in the final decree, as we have noted, it turns out that this 45 feet is the land here in dispute.
There appears no evidence sufficient to establish title by adverse possession in either plaintiffs or defendants, although the defendants suggest such a claim on their part. It is notable that the ownership of the fee underlying the roadways is not disclosed, but the deeds purport to convey only the numbered lots or portions thereof as platted. It is clear from the facts disclosed by the record that the plaintiffs Harrison own the title to the 45 foot strip of land in question.
The chancellor accordingly was correct in finding that the plaintiffs were entitled to a decree. The decree purported to quiet the plaintiffs’ title to the lands as described in their deed. It has the effect of determining that the plaintiffs own the overlap, which may be described as the west 45 feet of the east 274.5 feet of Lots 13 and 14 of Johnson, Johnston and Ed *239 wards Subdivision as recorded in Plat Book 7, page 26 of the Public Records of Polk County. The defendants did not counterclaim or seek specific relief with respect to the description of their remaining parcel of property, and therefore that question is not before this court.
Affirmed.
SMITH, C. J., and DOWNEY, JAMES C., Associate Judge, concur.
SKETCH OF:
JOHNSON, JOHNSTON & EDWARDS SUBDIVISION
Being a Subdivision of the South 14 acres of Ej£ of SW|4 of NW% and a Re-Subdivision of Lot 8 of West End Farms, Lakeland, Fla., all in Sec. 23-28-23
As shown by plat recorded in Plat Book 7, Page 26, public records of Polk County, Florida.

. See copy of “sketch” reproduced at the end of this opinion.